UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Moses Yen

    v.                                    Civil No. 06-cv-143-SM

State of New Hampshire

**REPORT AND RECOMMENDATION**

Moses Yen has filed a petition for a writ of habeas corpus (document no. 1) pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings and United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d) (authorizing the magistrate judge to preliminary review pro se pleadings). As discussed below, I recommend that the petition be dismissed for failure to exhaust state remedies.

Standard of Review

Under this court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation advising the district

judge whether the action, or any portion thereof, should be dismissed because:

>   (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
>   (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2). In conducting the preliminary review, the Court construes *pro se* pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party). "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual

averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Moses Yen was convicted and sentenced on March 10, 2005 of a misdemeanor charge of operating a motor vehicle after his driver's license had been suspended.  Yen pled *nolo contendere* and was sentenced to eleven months and twenty-nine days in the house of correction.  Although Yen's complaint is difficult to understand, he appears to allege that he was released from incarceration in July of 2005 and placed on probation.  Then, in February of 2006, Yen states that he was arrested on a probation violation and is currently being held at the Hillsborough County House of Correction.

It is unclear exactly what constitutional rights Yen claims have been violated by his current conviction and custody status, or how such rights were violated.  Yen alludes to a number of constitutional rights that he seems to allege were violated without providing any comprehensible discussion of the factual background for any of the alleged violations.  The rights he

mentions are: his right not to be subjected to double jeopardy, ineffective assistance of counsel, his right against self-incrimination and the nonspecific assertion that the charge against him and current custody are unlawful.

Yen's petition makes clear, however, that he did not raise any of these issues in the state's appellate courts.  While Yen checked the "Yes" box on his petition indicating that he appealed the judgment of conviction against him, he goes on to state that his trial attorney failed to pursue any direct appeal on his behalf, and Yen denies taking any other post-conviction action in the state courts.  It appears likely that Yen was referring to his petition in this Court when he answered "yes" to the question regarding whether he had taken an appeal of the judgment of his conviction.

### Discussion

To be eligible for habeas relief, Yen must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2241 and § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v.

Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358-59 (1st Cir. 1981).  Yen satisfies the first requirement as he is currently in custody serving time for the conviction and sentence he is challenging.  However, the petition does not establish satisfaction of the exhaustion requirement at this time.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).

By his own admission, Yen has not exhausted his claims in the state court prior to raising them in this Court.  Accordingly, I recommend that the petition be dismissed without

prejudice to refiling after Yen exhausts his claim in the state courts.[1]

## Conclusion

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:   May 26, 2006

cc:     Moses Yen, *pro se*

---

[1] I caution Yen that any future filing regarding this matter must clearly and concisely state the nature of the claims he is raising, including the factual predicate of the claim and the federal right allegedly violated.

6